DOC # 

Complaint Brought Pursuant to
42 U.S.C. sec. 1983 for
False Arrest, False Imprisonment, Conspiracy, and Malicious Prosecution and Other Claims*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------

Alton Davis
                Plaintiff

11 CIV 2991

CIVIL ACTION:

v.

The City of New York,
New York City Police Department,
Police Officer Asa Barnes of the NYPD
Mt. Vernon Police Department
Police Officer Mario Stewart of Mt Vernon PD

VERIFIED COMPLAINT

JURY CLAIM
AS TO ALL COUNTS

                Defendants
-----------------------------------------------------

INTRODUCTION

Alton Davis ["Davis"] of Bronx County New York hereby asserts the following claims against the defendants in the above-entitled action:

(1) violation of 42 U.S.C. 1983: malicious abuse of process

(2) violation of 42 U.S.C. 1983: harassment

(3) violation of 42 U.S.C. 1983: conspiracy

(4) violation of 42 U.S.C. 1983: False Arrest

(5) intentional infliction of emotional distress

JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

PARTIES

3. Plaintiff Alton Davis ["Davis"] is a natural person residing at 954 Cranford, Bronx, New York 10466.

4. Defendant New York City is a properly incorporated municipality under the laws of the State of New York.

5. Defendant New York Police Department is the agency employing the officers in question at the time of the incident(s) alleged.

6. Defendant Police Officer Asa Barnes (Barnes) is an Officer employed by the New York City Police Department.

7. Defendant Mt. Vernon Police Department is the agency employing the second officer in question at the time of the incident(s) alleged.

8. Defendant Police Officer Stewart (Stewart) is an Officer employed by the Mt. Vernon Police Department

9. Plaintiff sues all public employees in their official and individual capacities.

10. At all times material to this Complaint, Defendants acted toward Plaintiff under color of the statutes, ordinances, customs, and usage of the State of New York, City of New York, the City of Mt. Vernon, the New York Police Department and the Mt. Vernon Police Department.

FACTS

11. Plaintiff (Davis) encountered Police Officer Stewart on June 6, 2009 on South 12th Street in the City of Mt. Vernon.

12. At the time Davis was walking near by a disabled vehicle registered to him.

13. Stewart asked Davis for his license and registration, which was promptly provided by Davis (a Connecticut state driver's license)

14. Without any legal justification Stewart began to search Davis' vehicle and found an old New York State driver's license, which Stewart subsequently radioed in to check the license's status.

15. Without any further investigation Stewart informed Davis he was being arrested for Aggravated Unlicensed Operation of a Motor Vehicle despite Davis informing Officer Stewart that he was not driving the vehicle.

16. Davis was handcuffed and placed in the back of Stewart's police vehicle and brought to the vicinity of East 242nd Street and Murdock Avenue in the County of the Bronx where an automobile accident had occurred earlier.

17. Once at East 242nd Street Davis was turned over to Barnes who was awaiting Stewart with his own police vehicle.

18. Barnes, **without any independent investigation**, subsequently placed Davis under arrest for Aggravated Unlicensed Operation of a Motor Vehicle and transported him to the 47th Precinct in Bronx County.

19. After a lengthy ordeal, Davis was eventually brought to Central Booking in Bronx County and brought before a judge, where he was released on his own recognizance.

20. In justifiably fighting the erroneous charges against him, Davis appeared in court at the Bronx Hall of Justice over a period of nineteen (19) months, having to make at least thirteen (13) appearances before being fully exonerated at trial.


COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS ABUSE OF PROCESS

21. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 20 above with the same force and effect as if herein set forth. Davis was denied of both his right to his liberty without due process of law and his right to equal protection

22. As a result of their concerted unlawful and malicious detention and confinement of Davis, Defendants, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

23. Defendant was removed from his current place of residence under False allegations which even the slightest bit of investigation would have shown.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendants jointly and severally, for actual, general, special,

compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: HARASSMENT

24. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 23 above with the same force and effect as if herein set forth.

25. As a result of their concerted unlawful and malicious conspiracy of Defendants, Davis was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

26. Davis was subject to repeated prolonged confinement despite numerous pleas of his innocence.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 4: VIOLATIONS OF 42 USC SECTION 1983: CONSPIRACY

27. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 26 above with the same force and effect as if herein set forth.

28. At all times relevant to this Complaint, Defendants were acting under the direction and control of the New York City Police Department and the Mt. Vernon Police Department.

29. Acting under color of law and pursuant to official policy or custom, Defendants, and the City of New York knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

(a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Massachusetts; and

(d) otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

(e) unlawfully and negligently fabricating charges in order to confine Davis improperly.

30. Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

31. Defendant City of New York and City of Mt. Vernon directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

32. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth in paragraphs 11-20 above, Plaintiff suffered, loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

COUNT 5: FALSE ARREST

33. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. Davis was improperly removed from the public street in which he was walking along despite pleas of his innocence against any and all charges.

35. Stewart and Barnes improperly confined Davis without any due diligence in investigating Davis true role in any alleged criminal act.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

37. Defendants maliciously used a "legal process `to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.'"

38. Defendants in this matter specifically and deliberately engaged in a course of conduct designed to instill fear in Davis in exerting their supposed legal authority to arrest and confine over him.

WHEREFORE, Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate.

Respectfully submitted,
Alton Davis
By his attorney,
8 April 2011

Martindale & Gross, P.C.
Robert Gross, Esq.
5030 Broadway, Suite 704
New York, NY 10034
866-526-7116

PLAINTIFF'S VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

8 April 2011

_____Alton Davis_____
ALTON DAVIS

Subscribed and sworn to before me, this 8th day of April, 2011.

_____Robert Gross_____
Notary Public

ROBERT GROSS
NOTARY PUBLIC-STATE OF NEW YORK
NO. 02GR6195059
QUALIFIED NEW YORK COUNTY
MY COMMISSION EXPIRES 10/20/2012